**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIL CAICEDO, <br><br> Petitioner, <br><br> v. <br><br> FCI FORT DIX WARDEN, <br><br> Respondent. | Civil Action No. 24-10682 (MAS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Jamil Caicedo pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.     BACKGROUND**

Petitioner is a convicted federal prisoner currently serving his criminal sentence at FCI Fort Dix. (ECF No. 1 at 1-2.) At present, the BOP has deemed Petitioner, who is an alien who may be subject to removal proceedings in the future, eligible to earn credits under the First Step Act. (*Id.* at 2-4.) Petitioner fears, however, that he will soon be deprived of those credits should immigration officials seek to impose a final order of removal upon him, which Petitioner asserts the

Government has done to multiple other inmates. (*Id.*) Petitioner thus seeks to preemptively litigate the matter. Petitioner argues that the Government's ability to deprive him of credits under the First Step Act should the Government seek a removal order against him either deprives him of his Due Process rights or right to Equal Protection. (*Id.* at 8.) Petitioner did not attempt to exhaust his remedies administratively before filing this habeas matter as he is still receiving credits at this time and has yet to suffer the feared harm. (*Id.* at 3-4.)

## II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.  **DISCUSSION**

In his current petition, Petitioner seeks to enjoin the BOP from preventing him from applying his earned FSA credits in the event that he receives a final order of removal from federal immigration authorities. Petitioner's request for such an injunction arises out of his belief that he has a vested interest in his First Step Act credits subject to protection by the Due Process and Equal Protection clauses which would be impugned should he lose credits following a final order of removal. That belief rests on a flawed understanding of the First Step Act and the credits it provides. While the First Step Act provides inmates who engage in recidivism reduction training

2

an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Here, if Petitioner does receive a final order of removal, the BOP has no choice but to deprive him of the ability to apply his First Step Act credits towards early release, and this Court has no authority to enjoin the operation of the statute as the credits in question, and any entitlement to them Petitioner may possess, are inherently contingent on an inmate's *lack* of a final order of removal. Any Due Process or Equal Protection[1] protections to which Petitioner may be entitled in relation to his FSA credits are thus contingent on the lack of a final removal order. Petitioner has no right to retain the ability to apply those credits should he receive a final order of removal. This Court thus cannot enjoin the BOP from following the dictates of the very statute that provides Petitioner with the benefits he seeks to protect. Petitioner's request for a protective order must therefore be dismissed as such.

---

[1] Although Petitioner raises the Equal Protection Clause, that clause does not apply in this context as Petitioner has not identified any similarly situated individual who is being treated differently. Indeed, Petitioner suggests that all the inmates he knows who receive final orders of removal are losing the ability to apply their credits. In any event, aliens subject to removal orders are not a protected class under the clause. *See, e.g., Plyler v. Doe*, 457 U.S. 202, 223 (1982) (finding that "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes as "their presence in this country in violation of federal law is not a "constitutional irrelevancy"); *Matthews v. Diaz*, 426 U.S. 67, 77 (1976) (holding that Congress may lawfully distinguish between citizens and aliens in its provision of benefits).

Even were this not the case, this Court would still be required to dismiss this petition as Petitioner's current fear is entirely speculative as Petitioner has yet to suffer a concrete injury. As Petitioner readily admits, he is currently accruing and can apply credits towards his early supervised release, and his current petition arises solely out of his fear that this may change if the Government pursues removal proceedings against him before his release. In order to have standing in a habeas matter such as this, a petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Petitioner does not have an actual or imminent injury; he merely speculates that one will come in the event that the Government initiates and pursues removal proceedings against him. As that assertion rests solely on Petitioner's fears and speculations, he has not alleged a concrete, imminent injury in fact. His habeas petition for that reason must also be dismissed as premature.

Finally, the Court notes that Petitioner admits he did not seek any administrative relief before filing his current habeas petition. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, No. 21-7326, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner understandably did not attempt to exhaust before filing his habeas petition

as he has yet to suffer an actual or imminent injury. This failure is essentially an admission on Petitioner's part that his claims are premature, and that he therefore cannot currently exhaust them. Petitioner's habeas petition is thus subject to dismissal for this reason as well. Because Petitioner's habeas petition is meritless, premature, and otherwise unexhausted, his habeas petition must be dismissed.

## IV.  CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**